COURT OF 
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-223-CR
    
    
JEREMY RON MCCLENDON                                                    APPELLANT
  
V.
  
THE STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM THE 362ND DISTRICT COURT OF DENTON 
COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Pursuant 
to a plea bargain, Appellant pled guilty to felony assault and was placed on 
deferred adjudication community supervision; he was also assessed a fine as part 
of the bargain.  Later, the State moved to proceed with adjudication, 
alleging that Appellant had violated the terms of his community 
supervision.  Appellant pled true to the allegations that he had failed to 
pay the fine and court costs as well as the supervision fees and 
restitution.  The trial court found those allegations true, as well as the 
allegations, to which Appellant pled not true, that Appellant failed to complete 
community service hours, failed to pay for and complete a drug evaluation, 
failed to pay for and complete an anger management program, and failed to pay 
for and complete a domestic violence impact panel.  The trial court then 
revoked Appellant’s deferred adjudication community supervision, adjudicated 
him guilty, and sentenced him to six years’ confinement in the Institutional 
Division of the Texas Department of Criminal Justice.
        In 
his sixth issue, Appellant contends that the trial court erred by not sua sponte 
conducting a competency inquiry.  He contends that the Dallas probation 
officer’s testimony as well as his own triggered the need for the 
inquiry.  This testimony occurred before adjudication. Article 42.12, 
section 5(b) of the Texas Code of Criminal Procedure governs appeals from 
revocation of deferred adjudication community supervision.[2]  
It provides that “[t]he defendant is entitled to a hearing limited to the 
determination by the court of whether it proceeds with an adjudication of guilt 
on the original charge.   No appeal may be taken from this 
determination.“[3]  Consequently, Appellant is 
barred from raising this complaint on appeal.  We overrule Appellant’s 
sixth issue.
        In 
his first five issues, Appellant complains that the trial court’s sentence of 
incarceration violates his rights to due process under the Fifth and Fourteenth 
Amendments of the United States Constitution, to equal protection under the 
Fourteenth Amendment, to due course of law under article I, section 19 of the 
Texas Constitution and article 1.04 of the Texas Code of Criminal Procedure, and 
to the right not to be imprisoned for debt under article I, section 18 of the 
Texas Constitution.  Appellant is attempting to backdoor complaints about 
his adjudication or revocation by presenting them as sentencing issues.  
The gravamen of Appellant’s complaints is that “[a]ll violations the [trial] 
Court found to be true involved [his] inability to pay monetary fees, fines, 
costs of classes and transportation costs.”  Because Appellant’s 
complaints are poorly disguised challenges to the trial court’s decision to 
adjudicate, we overrule these five issues.[4]
        Having 
overruled all of Appellant’s issues, we affirm the trial court’s judgment.
    
    
                                                                  PER 
CURIAM
      
 
PANEL F:   DAUPHINOT, 
J., CAYCE, C.J., and MCCOY, J.
 
DO NOT PUBLISH
Tex. R. 
App. P. 47.2(b)
 
DELIVERED:  December 16, 2004


NOTES
1.  See Tex. R. App. P. 47.4.
2.  Tex. Code Crim. Proc. Ann. art. 42.12 § 
5(b) (Vernon Supp. 2004-05).
3.  Id.
4.  See id.